# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **RAHSAAN A. COX,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION NO. 5:10-01281** |
| | ) |
| **JOEL ZIEGLER,** | ) |
| **Warden, FCI Beckley,** | ) |
| | ) |
|     **Respondent.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

On November 4, 2010, Petitioner, acting *pro se*[1] and formerly incarcerated at FCI Beckley, located in Beckley, West Virginia,[2] filed an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody and Memorandum in Support. (Document Nos. 1

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI Beckley, located in Beckley, West Virginia. FCI Beckley lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to FCI Elkton, which is located in the Northern District of Ohio. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31, 2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to a prison outside this District.

and 4.) Petitioner argues that the Bureau of Prisons [BOP] is improperly calculating his term of imprisonment. (Id.) Petitioner states that he was arrested by Ohio State authorities on April 2, 1997, for possession of 13 grams of powder cocaine. (Document No. 4, p. 3.) Petitioner states that "[a] short time later, Petitioner posted bail of $8,000 and was promptly released." (Id.) Petitioner contends that on October 14, 1997, a Federal indictment was returned in the Southern District of Ohio for violating of federal drug laws. (Id., pp. 3 - 4.) Petitioner states that became aware of his Federal indictment and remained "underground" "until his arrest by the City of Columbus Police Department on December 14, 1997. (Id., p. 4.) Petitioner states that he "was transported to the nearest police substation where the U.S. Marshals Service was immediately contacted." (Id.) Petitioner states that he was then taken to a "federal housing unit," but "two to three weeks later Petitioner was transferred and/or returned to exclusive 'state' custody by jail authorities." (Id.) Petitioner claims that while he was in State custody, "judicial hearings were initiated in both state and federal courts." (Id.) On July 31, 1998, Petitioner was sentenced in the Southern District of Ohio to 324 months imprisonment. (Id.) Petitioner acknowledges that "the federal charges in which Petitioner had been indicted on October 14, 1997, had absolutely no affiliation, connection, or affinity to Petitioner's arrest by Franklin County law enforcement officers on April 2, 1997." (Id., p. 5.) On August 26, 1998, the State Court "imposed a 17-month sentence upon Petitioner that was intended to be served concurrently with his federal sentence." (Id., p. 6.) Petitioner, therefore, argues that Federal authorities obtained and retained primary jurisdiction over Petitioner after he was "charged in an indictment by a Federal Grand Jury." (Id.) Petitioner asserts that since he "was released on bail, the State of Ohio relinquished 'primary' custody of Petitioner the moment he posted an $8,000 bail and walked out of the Franklin County Jail." (Id.) Accordingly, Petitioner

contends that he is entitled to nunc pro tunc designation allowing him Federal credit for the time he served in State custody. (Id., pp. 15 - 17.)

## ANALYSIS

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 F. Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff

3

Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

  The undersigned finds that Petitioner failed to fully exhaust his administrative remedies prior to filing the instant action. In his Petition, Petitioner acknowledges that he failed to exhaust his

administrative remedies. (Document No. 1, p. 5.) Petitioner incorrectly contends that "the administrative remedy procedure in place with the Bureau of Prisons could have done nothing to correct or rectify the problem as I had already completed a state sentence in Ohio that was ordered to be served concurrently with my federal sentence." In his Petition, Petitioner argues that the BOP is improperly denying him nunc pro tunc designation and incorrectly calculating his Federal sentence. This is exactly the type of issues that should be addressed through the administrative remedy process. Based on the foregoing, the undersigned finds that Petitioner is not excused from exhausting his administrative remedies and his Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good

cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: October 30, 2013.

R. Clarke VanDervort
United States Magistrate Judge