IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RAHSAAN A. COX,

        Petitioner,

v.                            CIVIL ACTION NO.   5:10-cv-01281

WARDEN J. ZIEGLER,,

        Respondent.


**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's November 4, 2010 *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1) and supporting *Memorandum of Law* (Document 4), brought on the grounds that either (a) the federal government lost jurisdiction over him when it gave the State of Ohio custody of him while he served a state sentence, mandating his immediate release from federal custody, or (b) the Bureau of Prisons has improperly failed to give him credit for the time served in state prison, which the state sentencing judge ordered to be served concurrently with his federal sentence.

By *Standing Order* (Document 2) entered on November 4, 2010, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. On October 30, 2013, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 7), wherein it is recommended that this Court dismiss the Petitioner's claims for failure to exhaust administrative remedies.  The Petitioner submitted timely *Objections*

(Document 11) to the Magistrate Judge's PF&R on December 13, 2013. Following careful consideration, the Court finds that the Magistrate Judge's PF&R should be adopted and the Petitioner's objections should be overruled.

## I.     *FACTUAL AND PROCEDURAL BACKGROUND*

The Magistrate Judge set forth the factual allegations and procedural history of this matter in detail. The Court now incorporates by reference those facts and procedural history. However, to provide context for the ruling herein, the Court provides the following summary.

The Petitioner, Rahsaan Cox, asserts that he was arrested on state charges in April of 1997 and then released on bond. (Pet's Mem. at 3.) A federal indictment was returned against him in October of 1997 for unrelated charges, whereupon he "elected to go 'underground' where he remained until his arrest by the City of Columbus Police Department on December 14, 1997." (*Id.* at 4–5.) A federal judge sentenced the Petitioner to 324 months imprisonment on July 31, 1998. (*Id.* at 4.) On August 26, 1998, an Ohio state court judge sentenced him on the state charge to seventeen (17) months incarceration, ordered to run concurrent with the federal sentence. (*Id.* at 5–6.) Following his state sentencing, the Petitioner was transferred to the Madison Correctional Institution in London, Ohio, where he served the seventeen month state sentence. (*Id.* at 7.)

The Petitioner argues in his memorandum of law that federal authorities "surrendered, forfeited and abandoned any jurisdiction bestowed upon them by the U.S. District Court when said agencies voluntarily conceded the unauthorized transfer of Petitioner Cox to a State of Ohio penal institution." (*Id.* at 9.) The Petitioner believes this is the case, in part, because the federal authorities did not designate the Ohio state prison as his federal place of confinement. (*Id.* at 16.) The Petitioner thus "urges this Honorable Court to issue an Order stating the Attorney General

relinquished jurisdiction of Petitioner, and as such lacks the authority to continue his retention and incarceration in the Bureau of Prisons," therefore ordering his immediate release. (*Id.* at 17–18.) In the alternative, he asserts that he is entitled to *nunc pro tunc* designation of the state prison as his federal place of confinement, in order to effectuate the state sentencing judge's order that his seventeen month state sentence be served concurrent with his federal sentence. The Magistrate Judge did not address the Petitioner's contention that federal authorities relinquished jurisdiction, thus entitling him to immediate release, and the Petitioner, perhaps recognizing the frivolity of that contention, did not object to the absence of such analysis in the PF&R. Instead, the Petitioner's objections deal with the "alternative" argument that he should receive credit for the seventeen months he spent in state custody. That is, therefore, the claim this Court will address.

## II. STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiffs are acting *pro se*, and their pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

### III.     DISCUSSION

The Magistrate Judge recommends dismissal because the Petitioner failed to exhaust his administrative remedies. The Magistrate Judge's PF&R includes a thorough explanation of the administrative remedies and procedures applicable to the Petitioner's claim, and the Court adopts that explanation herein. (PF&R at 3–4.) In brief summary, the Bureau of Prisons procedure begins with an "Inmate Request to Staff" form, followed by a formal "Administrative Remedy Request." (*Id.*) If the inmate receives an unfavorable response, the inmate may appeal to the Regional Director. (*Id.* at 4.) If the inmate again receives an unfavorable response, he may appeal to the General Counsel. (*Id.*) The General Counsel's response signifies the exhaustion of the administrative process, and thus establishes the point after which seeking federal habeas relief is proper. (*Id.*) The Petitioner states in his objections that exhaustion of administrative remedies is not required because "this is a sentencing issue, and the Federal Bureau of Prisons does not have the authority to resentence an inmate." (Obj. at 4.) Furthermore, the Petitioner contends, he completed the administrative remedy process since filing his § 2241 petition with this Court. (*Id.*)

The Fourth Circuit has held that "[f]ederal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (citing *Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir.2001)). Furthermore, "[f]ailure to exhaust may only be excused upon a showing of cause and prejudice." *Id.* "Until the Attorney General makes a sentence credit determination under 18 U.S.C. § 3585(b)(1994), the case is not ripe for review by the district court." *United States v. Jeter*, 161 F.3d 4, *2 (4th Cir. 1998).

Given the Petitioner's complaint and the relief he is seeking, his claim is not ripe for review until he completes the administrative remedy process. As the Petitioner appeared to concede in

his memorandum in support of the § 2241 petition, the Bureau of Prisons has the discretion "to decide whether the state prison in which he served the state sentence should be designated as a place of federal confinement nunc pro tunc." (Pet.'s Mem. at 17); *see also* 18 U.S.C. § 3621(b). The Magistrate Judge summed up the issues here as whether the Bureau of Prison is improperly denying the petitioner *nunc pro tunc* designation and incorrectly calculating his Federal sentence. (PF&R at 5.) The Magistrate Judge went on to correctly state that these are "exactly the type of issues that should be addressed through the administrative remedy process." (*Id.*) The Supreme Court recently examined the process of determining whether a prisoner's state and federal sentences are to be served concurrently or consecutively, and explained that "[i]f a prisoner….starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government—whether the district court or the Bureau of Prisons—that decides whether he will receive credit for the time served in state custody." *Setser v. United States*, 132 S. Ct. 1463, 1471 (2012). Importantly, the Court rejected a reading of "§ 3621(b) as giving the Bureau of Prisons what amounts to sentencing authority." *Id.* at 1470. Finally, the Supreme Court outlined the process for a prisoner in the Petitioner's situation to seek review, beginning with the Bureau of Prisons,

> which ultimately has to determine how long the District Court's sentence authorizes it to continue [the petitioner's] confinement. [The petitioner] is free to urge the Bureau to credit his time served in state court…. If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. See 28 CFR § 542.10 *et seq*. (2011). And if that does not work, he may seek a writ of habeas corpus. See 28 U.S.C. § 2241.

*Id.* at 1473; *see also Jeter*, 161 F.3d 4 (explaining that district courts can review the determination of whether to award credit for time spent in official custody only after the determination is made by the Bureau of Prisons.).

The Petitioner states in his objections that he underwent the administrative remedy process and has exhausted his administrative remedies since filing this petition. (Obj. at 2–3.) Though he indicates in his objections that he attached documentation of the Bureau of Prison's responses, no such documentation appears to have been filed.[1] As a general rule, administrative remedies must be exhausted *before* filing a 28 U.S.C. § 2241 petition. Permitting inmates to simultaneously seek administrative remedies and judicial relief would waste both administrative resources and judicial resources, and further would defeat many of the advantages of administrative exhaustion, such as a well-developed record. However, because the § 2241 exhaustion requirement is judicially imposed, it can be waived in appropriate circumstances. *See, e.g.*, *Carmona* 243 F.3d at 634; *Jaworski v. Gutierrez*, 509 F. Supp. 2d 573, 578 (N. D. W. Va. 2007); *Dellarciprete v. Gutierrez*, 2006 WL 4446476 (N. D. W. Va. Dec. 29, 2006) (finding that "it would be a waste of judicial time and resources" to dismiss for failure to exhaust administrative remedies when the Petitioner had in fact completed the administrative remedy process after the case was initiated).

The Petitioner concedes in the petition that he had not then begun the administrative remedy process. (Pet. at ¶ 14.) Without documentation demonstrating the actual exhaustion of administrative remedies, this Court finds no cause for waiving the exhaustion requirement. Additionally, without such documentation, the Court has no ability to review the actions and decisions made by the Bureau of Prisons. The Court makes no finding as to the potential substantive merits of the Petitioner's claims. Accordingly, the Court finds that the Petitioner's objections should be overruled and the Magistrate Judge's PF&R should be adopted in full.

---

1  A copy of the state court order, including the order that the state sentence be served concurrent to the federal sentence, is attached to the Petitioner's objections. However, the Court has not received copies of administrative remedy request forms or responses.

### IV.     CONCLUSION

Following careful review and for the reasons stated above, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 7) be **ADOPTED**. The Court further **ORDERS** that the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1) be **DISMISSED WITHOUT PREJUDICE** and that this matter be **REMOVED** from the docket of this Court.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, to counsel of record, and to any unrepresented party.

ENTER:     January 22, 2014

*signature*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA